STERN & EISENBERG, PC
1581 MAIN STREET, SUITE 200
THE SHOPS AT VALLEY SQUARE
WARRINGTON, PA 18976
TELEPHONE: (215) 572-8111
FACSIMILE: (215) 572-5025

### IN THE UNITED STATES BANKRUPTCY COURT FOR
### THE EASTERN DISTRICT OF PENNSYLVANIA
### (PHILADELPHIA)

| | |
|---|---|
| Robert L. Glover, Jr.,<br>    Debtor<br>-----------------------------------------------<br>U.S. Bank National Association, as Trustee for Velocity Commercial Capital Loan Trust 2018-1<br>    Movant<br>v.<br>Robert L. Glover, Jr.,<br>    Debtor | Chapter 7<br><br>Case Number: 19-10866-ELF |

**MOTION OF U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR VELOCITY COMMERCIAL CAPITAL LOAN TRUST 2018-1 FOR COMFORT ORDER UNDER 11 USC § 362(C)(4)(A)(II) WITH RESPECT TO ENFORCEMENT OF POSSESSORY RIGHTS TO THE REAL PROPERTY LOCATED AT
7667 BRENTWOOD ROAD, PHILADELPHIA, PA 19151**

      U.S. Bank National Association, as Trustee for Velocity Commercial Capital Loan Trust 2018-1, through its Counsel, Stern & Eisenberg PC, respectfully requests the Court grant its Motion for Comfort Order under 11 USC § 362(c)(4)(A)(ii)  in order to proceed with its right to possession under non-bankruptcy law with regard to the real property located at 7667 Brentwood Road, Philadelphia, PA 19151 (hereinafter, the "Property") and in support thereof respectfully represents as follows:

1. On February 6, 2018, Sanmo Investments, LLC ("Sanmo") signed a Note and Open-End Mortgage Agreement in the principal sum of $113,400.00 evidencing a loan from Velocity Commercial Capital, LLC in the same amount, secured by the real property located at 3101 Frankford Avenue, Philadelphia, PA 19134 (hereinafter, the "Property") evidenced by the mortgage recorded with the Philadelphia County Recorder of Deeds as Doc ID: 53324641

2. Debtor, Robert L. Glover, Jr., individually, filed the instant bankruptcy action pursuant to 11 USC §§701 et seq., on February 11, 2019.

3. Upon information and belief, the Property is owned solely by Sanmo.

4. Debtor is unable to provide adequate protection for the Property as Sanmo is the sole owner of the Property, the Property is not included in the bankruptcy estate, and the automatic stay pursuant to 11 U.S.C. §362(a) does not extend to the Property.

5. The United States Supreme Court has espoused a plain meaning interpretation of the Bankruptcy Code. See Connecticut National Bank v. Germain, 503 U.S. 249, 254, (1992); and U.S. v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241–42 (1989).

6. The plain language of 11 U.S.C. §362(a) does not extend the automatic stay beyond a debtor, their property, and the property of the bankruptcy estate. Help at Home, Inc. v. Cam Enterprises, LLC, No. 14-80255-CIV, 2015 WL 11255646, at *2 (S.D. Fla. Mar. 10, 2015) citing In re Lengacher, 485 B.R. 380, 383–84 (Bankr. N.D. Ind. 2012).[1]

7. While broad, the automatic stay imposed by 11 U.S.C. §362(a) does not apply to separate legal entities, even if the separate legal entity is owned solely by the debtor. Maritime Electric Co. v. United Jersey Bank, 959 F.2d 1194, 1205 (3d Cir. 1991), reh'g granted and opinion vacated (Jan. 10, 1992), opinion reinstated on reh'g (Mar. 24, 1992); In re Com. Mrtg. & Fin., Co., 414 B.R. 389, 395 (Bankr. N.D. Ill. 2009)(holding that a debtor's stock in a subsidiary may be part of a bankruptcy estate, but the assets of the subsidiary will not, showing the separation between assets of the Debtor and assets of the business entity); In re Winer, 158 B.R. 736, 743 (N.D. Ill. 1993); In re Loughnane, 28 B.R. 940, 942 (Bkrtcy. D. Col. 1983); In re Philadelphia Gold Corp., 56 B.R. 87 (Bkrtcy.E.D.Pa.1985).

8. The limits of the automatic stay hold true even when an action against a non-debtor would impact the debtor's interest in the business entity. In re Log, LLC, No. 10-80378, 2010 WL 4774347, at *3 (Bankr. M.D.N.C. Nov. 9, 2010); In re Hudgins, 153 B.R. 441, 443–44 (Bankr. E.D. Va. 1993); and Funding Systems Railcars, 34 B.R. 706, 709 (N.D. Ill. 1983).

9. The facts of the case a bar do not present any need to deviate from the plain meaning of 11 U.S.C. §362(a).

10. The Debtor has no rights in the Property under applicable state law or bankruptcy law.

11. Movant has incurred counsel fees and costs in association with this Motion.

---

[1] An exception has been created to extend the automatic stay to non-debtors in unusual circumstances, but it has been held that the extension should be applied only in cases where "there is such identify between the debtor and [non-debtor] that the debtor may be said to be the real party defendant and that a judgment against the non-debtor will in effect be a judgment…against the debtor." Gray v. Hirsch, 230 B.R. 239, 242 (S.D.N.Y. 1999) quoting A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir.1986).

WHEREFORE, Movant, respectfully requests this Court to grant the appropriate relief under 11 USC § 362(c)(4)(A)(ii) as set forth in the proposed order.

Respectfully Submitted:

STERN & EISENBERG, PC

By: /s/ Daniel P. Jones
Daniel P. Jones, Esq.,
Bar Number: 321876
1581 Main Street, Suite 200
The Shops at Valley Square
Warrington, PA 18976
Phone: (215) 572-8111
Fax: (215) 572-5025
Email: djones@sterneisenberg.com

Date: August 21, 2019

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA
(PHILADELPHIA)**

| | |
|---|---|
| Robert L. Glover, Jr.,<br>        Debtor<br>------------------------------------------------ U.S.<br>Bank National Association, as Trustee for<br>Velocity Commercial Capital Loan Trust<br>2018-1<br><br>        Movant<br>v.<br>Robert L. Glover, Jr.,<br>        Debtor | Chapter 7<br><br>Case Number: 19-10866-ELF |

**ORDER**

AND NOW, this _____ day of _____, 20___, upon the Motion of U.S. Bank National Association, as Trustee for Velocity Commercial Capital Loan Trust 2018-1 (hereinafter "Movant") and upon the failure of Debtor to file an Answer or otherwise plead as directed by the Court (and/or after hearing held and consideration of all evidence, arguments and briefs of Counsel), it is hereby

ORDERED and DECREED that the Motion for Comfort Order under 11 USC §362(c)(4)(A)(ii) is GRANTED, and Movant (and any assignee/successor-in-interest) may proceed with enforcement of its right to possession concerning the Property (the "Property"): 7667 Brentwood Road, Philadelphia, PA 19151; and it is

FURTHER ORDERED that the automatic stay under 11 USC § 362 is not in effect as to Debtor or as to the Property.

BY THE COURT:

_____
U.S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA
### (PHILADELPHIA)

| | |
|---|---|
| Robert L. Glover, Jr.,<br>    Debtor<br>------------------------------------------------ U.S.<br>Bank National Association, as Trustee for Velocity Commercial Capital Loan Trust 2018-1<br><br>    Movant<br>v.<br>Robert L. Glover, Jr.,<br>    Debtor | Chapter 7<br><br>Case Number: 19-10866-ELF |

### **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a true and correct copy of the within Motion, together with Proposed Order, and this Certificate, was sent to the Debtor(s), Counsel and the Trustee and all other required parties on the date set forth below via ECF:

Gary F. Seitz
8 Penn Center
Suite 1901
1628 John F. Kennedy Blvd, PA 19103
gseitz@gsbblaw.com
***Chapter 7 Trustee***

Lawrence J. Avallone
Law Office of Lawrence J. Avallone
215 South Broad Street
Fifth Floor
Philadelphia, PA 19107
ljavallone@avallonelaw.com
***Attorney for Debtor(s)***

United S. Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107
USTPRegion03.PH.ECF@usdoj.gov
***U.S. Trustee***

and by standard first-class mail postage prepaid to:

Robert Glover
1634 Ashurst Road
Philadelphia, PA 19151
***Debtor(s)***

By:    */s/ Daniel Jones, Esquire*