United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                                                Case No. 16-14109-elf

Sherry D. Byrd                                                                                   Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

| District/off: 0313-2 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Aug 06, 2021 | Form ID: 3180W | Total Noticed: 14 |

The following symbols are used throughout this certificate:

**Symbol**   **Definition**

+          Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS
           regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 08, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Sherry D. Byrd, 5720 Chew Avenue, Philadelphia, PA 19138-1716 |
| 13763131 | + | Ace Cash Express, Williamson and Brown,LLC, 4691 Clifton Pkwy, Hamburg, NY 14075-3201 |
| 14352744 | + | LoanCare, LLC, P.O. Box 8068, Virginia Beach VA 23450-8068 |
| 13741040 | + | PGW, Credit and Collections Department, 800 W. Montgomery Avenue, 3rd Floor, Philadelphia, PA 19122-2806 |
| 13761608 | + | Porania, LLC, P.O. Box 12213, Scottsdale, AZ 85267-2213 |
| 13767308 | + | Viriva Community CU, 7346 Frankford Avenue, Philadelphia, PA 19136-3828 |

TOTAL: 6

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern
Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: megan.harper@phila.gov | Aug 06 2021 23:33:00 | City of Philadelphia, City of Philadelphia Law Dept., Tax Unit/Bankruptcy Dept, 1515 Arch Street 15th Floor, Philadelphia, PA 19102-1595 |
| smg | | EDI: PENNDEPTREV | Aug 07 2021 03:33:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |
| smg | | Email/Text: RVSVCBICNOTICE1@state.pa.us | Aug 06 2021 23:32:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |
| smg | + | Email/Text: usapae.bankruptcynotices@usdoj.gov | Aug 06 2021 23:33:00 | U.S. Attorney Office, c/o Virginia Powel, Esq., Room 1250, 615 Chestnut Street, Philadelphia, PA 19106-4404 |
| 13826529 | + | Email/Text: megan.harper@phila.gov | Aug 06 2021 23:33:00 | CITY OF PHILADELPHIA LAW DEPARTMENT - TAX UNIT, BANKRUPTCY GROUP - MSB, 1401 JOHN F. KENNEDY BLVD, 5TH FLOOR, PHILADELPHIA, PA 19102-1640 |
| 13742776 | + | Email/Text: bankruptcy@flagshipcredit.com | Aug 06 2021 23:33:00 | Flagship Credit Acceptance, P.O. Box 3807, Coppell, TX 75019-5877 |
| 13795480 | + | Email/Text: bankruptcy@philapark.org | Aug 06 2021 23:33:00 | Philadelphia Parking Authority, 701 Market St. Suite 5400, Philadelphia, PA 19106-2895 |
| 13782380 | + | EDI: CBS7AVE | Aug 07 2021 03:33:00 | Seventh Avenue, c/o Creditors Bankruptcy Service, P.O. Box 800849, Dallas, TX 75380-0849 |
| 13766066 | + | Email/Text: electronicbkydocs@nelnet.net | Aug 06 2021 23:33:00 | U.S. Department of Education C/O Nelnet, 121 S 13TH ST, SUITE 201, LINCOLN, NE 68508-1911 |

TOTAL: 9

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 08, 2021                          Signature:          /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 5, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| DANIEL P. JONES | on behalf of Creditor LOANCARE  LLC djones@sterneisenberg.com, bkecf@sterneisenberg.com |
| DAVID M. OFFEN | on behalf of Debtor Sherry D. Byrd dmo160west@gmail.com  davidoffenecf@gmail.com;offendr83598@notify.bestcase.com |
| KEVIN G. MCDONALD | on behalf of Creditor LOANCARE  LLC bkgroup@kmllawgroup.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |
| WILLIAM C. MILLER, Esq. | on behalf of Trustee WILLIAM C. MILLER  Esq. ecfemails@ph13trustee.com, philaecf@gmail.com |
| WILLIAM C. MILLER, Esq. | ecfemails@ph13trustee.com  philaecf@gmail.com |

TOTAL: 6

| Information to identify the case: | | |
|---|---|---|
| **Debtor 1** | **Sherry D. Byrd** <br> _____ <br> First Name   Middle Name   Last Name | Social Security number or ITIN   xxx–xx–3982 <br> EIN   _ _ – _ _ _ _ _ _ _ |
| **Debtor 2** <br> (Spouse, if filing) | _____ <br> First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _ <br> EIN   _ _ – _ _ _ _ _ _ _ |
| United States Bankruptcy Court   Eastern District of Pennsylvania | | |
| Case number:   16–14109–elf | | |

# Order of Discharge

12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Sherry D. Byrd

<u>8/5/21</u>

**By the court:** <u>Eric L. Frank</u>
United States Bankruptcy Judge

---

### Explanation of Bankruptcy Discharge in a Chapter 13 Case

This order does not close or dismiss the case.

#### Creditors cannot collect discharged debts
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

#### Most debts are discharged
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

#### Some debts are not discharged
Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2>**

♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

♦ debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

♦ some debts which the debtors did not properly list;

♦ debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

♦ debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

♦ debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**